UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KRISTINA MARTINEZ, | ) |
| | ) Case No. 1:15-cv-00900 |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT** |
| | ) |
| IMC CREDIT SERVICES, LLC d/b/a | ) |
| STATEWIDE CREDIT, | ) **JURY DEMANDED** |
| | ) |
| Defendant. | ) |

Now comes the Plaintiff, KRISTINA MARTINEZ, by and through her attorneys, and for her Complaint against the Defendant, IMC CREDIT SERVICES, LLC d/b/a STATEWIDE CREDIT, Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1.    This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d).  This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

**PARTIES**

4.    Plaintiff is an individual who was at all relevant times residing in Indianapolis, Indiana.

1

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant is a limited liability company of the State of Delaware, which is licensed to do business in Indiana, and which has its principal place of business in Indianapolis, Indiana.

## STATEMENTS OF FACTS

9. On or about March 31, 2015, Plaintiff placed a telephone call to Defendant.

10. During said communication, Plaintiff informed the employee, agent and/or representative of Defendant with whom she spoke with, that she was represented by a law firm with respect to the aforementioned alleged debt, and provided her attorneys' contact information.

11. Despite having received notice of Plaintiff's attorneys' representation, on or about April 4, 2015, Defendant placed a telephone call to Plaintiff in an attempt to collect the alleged debt.

12. During said communication, Plaintiff informed the employee agent and/or representative with whom she spoke with, that she already informed Defendant that she was represented by a law firm with respect to the alleged debt and provided her attorneys' contact

information. Said individual responded by stating that Defendant was unable to reach Plaintiff's law firm, when it allegedly called the law firm to confirm representation with respect to the allege debt. Plaintiff once again provided Defendant with her law firm's contact information.

13. Despite having received notice of Plaintiff's attorneys' representation on two separate occasions, on or about April 10, 2015, Defendant placed another telephone call to Plaintiff in an attempt to collect the alleged debt.

14. During said communication, Plaintiff again informed the employee agent and/or representative with whom she spoke with, that she already informed Defendant that she was represented by a law firm with respect to the alleged debt. Said individual subsequently reviewed Plaintiff's file, and stated "Ohh, have a nice day," and terminated said telephone call.

15. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

16. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, emotional distress and mental anguish.

## COUNT I

17. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 16 as if reiterated herein.

18. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate

## COUNT II

19. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 16 as if reiterated herein.

20. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

### COUNT III

21.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 13 as if reiterated herein.

22.    Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her FDCPA claims in this action.

RESPECTFULLY SUBMITTED,

KRISTINA MARTINEZ

By: /s/ David P. Leibowitz

David P. Leibowitz
Illinois Attorney No. 1612271
Admitted to Practice in Southern District of Indiana
Attorney for Plaintiff
Allen Chern Law LLC
79 W. Monroe Street, 5th Floor
Chicago, IL 60603
Phone: (312) 940-7445
Fax: (866) 359-7478
dleibowitz@uprightlaw.com